ROBERT RUSCH, District Attorney Taylor County
Assistant District Attorney Arthur Thexton has requested my opinion on the following question:
 Does a county civil service ordinance apply to the staffs of single-county see. 51.42 or see. 51.437
boards?
The answer is that it can. Whether the Taylor County civil service ordinance applies to the staffs of these boards depends upon whether the county board included such employes in adopting the ordinance. Adoption of an ordinance to include such employes is permissible under see. 59.07 (20) and secs. 63.01-63.17, Stats. Inclusion could have been intended even though the civil service ordinance was enacted prior to the creation of the51.42/51.437 boards. You state that such employes were not explicitly excluded in the ordinance. If the ordinance includes language of inclusion, I am of the opinion that the provisions therein which relate to the earning and granting of vacation would be applicable to such personnel. The dispute you are concerned with arose from the attempted action of the director of the 51.42 board to grant vacation with pay to an employe on a schedule other than that permitted by the county civil service ordinance. Your question, restated, is:
 Where a county board has adopted a civil service ordinance applicable to all county personnel other than the exceptions provided in sec. 59.07 (20), Stats., does the director of the sec. 51.42 board have authority to grant vacation with pay to a sec. *Page 144 51.42 board employe which is not authorized under the county civil service ordinance?
The question assumes that the current county civil service ordinance is applicable to the staffs of the sec. 51.42 and sec.51.437 boards. The answer to this question is no.
Section 59.07 (20), Stats., empowers the county board to:
 "Establish a civil service system of selection, tenure and status, and the system may be made applicable to all county personnel, except the members of the board, constitutional officers, members of boards and commissions and judges. The system may include also uniform provisions in respect to classification of positions and salary ranges, payroll certification, attendance, vacations, sick leave, competitive examinations, hours of work, tours of duty or assignments according to earned seniority, employe grievance procedure, disciplinary actions, layoffs and separations for cause subject to approval of a civil service commission or the board. The board may request the assistance of the department of local affairs and development and pay for such services, unders. 22.13 (2) (o)." (Emphasis added.)
Staff employes of 51.42 or 51.437 boards are not within excluded classes.
In 65 Op. Att'y Gen. 105 (1976), it was stated that the authority to establish salaries for the staff employed by the county's 51.42/ 51.437 board lies with such board and not with the county board, but such authority is subject to the general budgetary control of the county board. Section 51.42 (3)(b), Stats., provides:
 "The county board or boards of supervisors shall review and approve the overall plan, program and budgets proposed by the board."
A director of a 51.42 or 51.437 board only has power to make recommendations to the specific board for "Personnel and the salaries of employes." Secs. 51.42 (6)(c)1. and 51.437 (10)(b)1., Stats. The 51.42 board has power to "Fix the salaries of personnel employed to administer the program." Sec. 51.42 (5) (h) 5., Stats. A 51.437 board has a somewhat broader power, including power to "establish salaries and personnel policies for the program." Sec. *Page 145 51.437 (9)(a), Stats. However, even though vacation with pay is a fringe benefit and part of compensation in the broad sense, it is my opinion that the Legislature did not intend to permit 51.42 or51.437 boards to grant additional vacation with pay to employes where the county board had acted under secs. 59.07 (20) and 59.15
(2)(c), Stats., to establish such benefits on a uniform provision basis. The staff involved is not within the classes excluded from sec. 59.15 (2)(c), Stats., which, in part, authorizes the county board to "establish regulations of employment for any person paid from the county treasury." That section appears to separate the power to fix or change the salary or compensation for the persons covered from the power to establish regulations for employment. I view attendance and leave provisions to be included within regulations of employment as that term is used in sec. 59.15
(2)(c), Stats. In my opinion the Legislature did not intend that the director of a 51.42 board, or the board itself, could establish regulations for employment as an incident to fixing salaries of personnel.
BCL:RJV